

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J. B. Allred
County Auditor
Baylor County
612 City National Building
Wichita Falls, Texas

Dear Sir:

Opinion No. O-2634
Re: Commissioners' Courts--
County Clerks--Postage
Expenses.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Acting on my authority as county auditor of Baylor County I asked for and received an opinion numbered O-1891 Re:
Can the commissioners' court allow the county clerk expenses for postage and extra help when such expenses represent an accumulation over a nine-year period?
"The Commissioners' court of said county promptly refused to consider the claim after having received your opinion, as above numbered. But the county clerk now comes back with another claim which he does not claim is expenses of office, but that it is for accomodations to the court and the individual commissioners, etc., in mailing out warrants, etc. which he is not legally bound to do but does do for the convenience of the public and the public officials.
"The court is of the opinion that this also is not a legal liability of the county, and therefore has asked me to submit the county clerk's bill to you and ask that you give an opinion thereon."

We have also carefully examined the claim you enclosed in your letter. The claim is for postage expense

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

149

Hon. J. B. Allred, page 2.

at the rate of $1.50 per month for the past 8 years for a
total of $144.00. The claim is not itemized. The state-
ment is made in the claim that the postage was "used for
mailing warrants for county in R & B Fund, C & J Fund and
Hospital Fund".

Opinion No. O-1891 of this department passed upon
this claim based upon the fact situation presented in the
request. The fact situation passed upon in opinion No.
O-1891, was as follows, quoting from the letter of request:

"The Commissioners' Court of Baylor County
has asked me, as their County Auditor, to get a
ruling from you relative to payment of expenses
of their county clerk over a period running
back as far as nine years for extra help and
postage. It is my understanding that this offi-
cer's fees are supposed to cover any extra help
he uses in his office, as well as the expense
for postage. During the time I have been county
auditor in Baylor County, which is only part
time work, since the county is not large enough
to require full time, the county has paid this
officer ex-officio in an amount for county and
district clerk averaging around $1400.00 per
year, and it seems that these expenses should
have been taken care of by the officer from these
payments. Also, in view of the fact that the of-
ficer is expected to make an expense statement
monthly to the court, which he has done and in
which he has not claimed these expenses, it is
my belief that he is not entitled to claim them
at this late date.

"I would like to have your opinion on this
matter for the full period or any part of the
nine year period."

Opinion No. O-1891, held that the county was not
liable for the expenses claimed. We quote from the opinion
as follows:

"The county has paid the county clerk ex-
officio compensation in the approximate sum of
$1400.00 per year during the above mentioned nine
year period. The Commissioners' Court is debarred
from allowing compensation for ex officio services
to county officials when the compensation and ex-
cess fees which they are allowed to retain shall
reach the maximum provided by law. As above stat-
ed, county officials who are compensated on a fee
basis must pay their expenses out of fees earned

by their respective offices, and the commissioners' court is without authority to allow payment of the same by the county.

"You are respectfully advised that it is the opinion of this department that the above mentioned expenses of the county clerk should have been paid by him from fees of office and the county has no authority to pay such expenses."

We think Opinion No. O-1891 of this department is correct under the facts stated and we adhere to that ruling. We also call your attention to the recent case of Pierson vs. Galveston County, 131 S. W. (2nd) Page 27, which supports our conclusion reached in Opinion No. O-1891.

In your request for opinion upon the claim as now presented you state, among other things, as follows:

" .... the county clerk now comes back with another claim which he does not claim is expenses of office, but that it is for accommodations to the court and the individual commissioners, etc., in making out warrants, etc., which he is not legally bound to do but does so for the convenience of the public and the public officials."

You are therefore respectfully advised it is the opinion of this department, under the facts stated in your letter, that Baylor County, Texas is not legally liable for the claim described in your letter, and that same should not be approved.

Very truly yours

APPROVED AUG 26, 1940

~~Tom Little~~

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

WJF:jm

Encl.


OPINION COMMITTEE
BY
CHAIRMAN